**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**GO-TO TRANSPORT, INC.,**

  **Movant,**

  **v.**

**DMAX LTD,**

  **Non-Movant.**

      **Case No. 2:20-mc-38
Judge Sarah D. Morrison
Magistrate Judge Kimberly A. Jolson**

<u>**OPINION AND ORDER**</u>

This matter is before the Court on Movant Go-To Transport, Inc.'s ("Go-To") Verified Rule 27 Petition (Doc. 1).  For the reasons that follow, the Petition is **GRANTED**.

**I.  BACKGROUND**

On November 23, 2020, the Court denied without prejudice Go-To's Verified Rule 27 Petition because it failed to file a reply brief addressing Non-Movant DMAX Ltd.'s ("DMAX") arguments in response—specifically, DMAX's argument that the Petition was premature.  (*See generally* Doc. 8).  Subsequently, the Court granted the parties' motion to set aside that ruling so Go-To could file its reply brief.  (Doc. 10).  That reply brief was filed (Doc. 11), making the matter once again ripe for review.

Go-To filed the instant Petition because it anticipates litigation related to an accident one of its drivers, Joseph Taylor, had on May 22, 2020.  Mr. Taylor was driving one of Go-To's tractor trailers, and no other vehicle—or driver—was involved.  At the time, Go-To was transporting DMAX's cargo, and the cargo was meaningfully damaged.  (*See* Doc. 1).  Following the accident, Go-To submitted an insurance claim for the damage to DMAX's cargo, but that claim was denied.  (*Id*. at 3).  As a result, Go-To "expects to be named as a defendant in litigation" for DMAX's

damaged cargo. (*Id.*). Given this posture, Go-To views Mr. Taylor's testimony regarding the accident as essential. (*Id.* at 2). But unfortunately, in July 2020—just two months after the accident in question—Mr. Taylor was diagnosed with amyotrophic lateral sclerosis ("ALS"). (*Id.*). "Mr. Taylor has stopped working because of his condition and has begun to slur his words." (*Id.*). Given this posture, Go-To seeks to perpetuate Mr. Taylor's testimony now.

## II.    STANDARD

Rule 27(a) of the Federal Rules of Civil Procedure governs the taking of depositions before an action is commenced. To perpetuate such testimony, the moving party must: (1) demonstrate that it expects to be a party to an action cognizable in the federal courts, but cannot presently bring it or cause it to be brought; (2) explain the subject matter of the expected action; (3) describe the facts it intends to establish through the desired testimony and the reasons for needing to perpetuate that testimony; (4) identify the adverse parties in the expected action and the parties to be deposed; and (5) serve the petition in accordance with applicable rules. Fed. R. Civ. P. 27(a)(1).

A Court will grant a Rule 27 petition if it is "satisfied that perpetuating the testimony may prevent a failure or delay of justice . . . " Fed. R. Civ. P. 27(a)(3). In making such a determination, the court considers three factors. First, the testimony to be perpetuated "must be relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact." *In re Bay Cty. Middlegrounds Landfill Site*, 171 F.3d 1044, 1047 (6th Cir. 1999). Second, the moving party must demonstrate a "risk of permanent loss of the desired testimony." *In re Andrews*, 2011 WL 7168675 at *1 (S.D. Ohio Dec. 2, 2011). While a witness's old age or deteriorating health have been frequently accepted as grounds for such a conclusion, any such showing must be more than a "general allegation." *DRFP*, *LLC* v. *Republica Bolivariana de Venezuela*, No. 2:04-CV-793, 2009 WL 4281261, at *1 (S.D. Ohio Nov. 24, 2009) (citing *Penn Mut. Life Ins. Co. v. United*

*States*, 68 F.3d 1371, 1374 (D.C. Cir. 1995) (denying movant's petition when it simply alleged that the deponent was retired and his "ability to recall relevant facts and testify completely …. may be impaired").  Third, the testimony to be perpetuated must "be set forth in some detail because a preservation deposition may not be used as a substitute for discovery."  *Id.* (citing *In re Ramirez*, 241 F.R.D. 595 (W.D. Tex. 2006)).

## III.    DISCUSSION

The Court begins its analysis by evaluating the Petition's compliance with the individual requirements in Rule 27(a)(1)(A–E) and then turns to 27(a)(3)'s "failure or delay of justice" standard.

### A. Go-To's Expectations

In its Petition, Go-To asserts that it "expects to be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought."  (Doc. 1 at 4).  Go-To expressly identifies a potential civil action arising from the May 22, 2020, accident involving Mr. Taylor.  (*Id*. at 5).  That potential action would be brought under the Carmack Amendment (49 U.S.C. § 14706), which holds a carrier providing transportation liable to a shipper for damage done to cargo hauled in interstate commerce.  49 U.S.C. § 14706(a)(1).  DMAX contends that Go-To has filed its Petition prematurely "because, as of yet, no such demand has been made…"  (Doc. 3 at 3).

But this is the type of situation that Rule 27(a)(1)(A) contemplates.  The Rule does not require a party to demonstrate that litigation is an absolute certainty in order to perpetuate testimony.  *See In re Bay Cty. Middlegrounds Landfill Site*, 171 F.3d at 1046 (citing *Penn Mut. Life Ins. Co.*, 68 F.3d at 1374).  Here, Go-To has demonstrated reasonable cause to expect to be a party to an action, brought under the relevant provisions of the Carmack Amendment, because

federal jurisdiction would exist for such a contemplated action as they are a motor carrier subject to the Department of Transportation's jurisdiction, and the cargo at issue was traveling in interstate commerce. *See Dresser Indus v. United States*, 596 F.2d 1231, 1238, *reh'g denied*, 601 F.2d 586 (5th Cir. 1979), *cert. denied*, 444 U.S. 1044 (1980) (requiring a showing that federal jurisdiction would exist in the contemplated action). Accordingly, Go-To has demonstrated facts sufficient to show that it may be a party to an action cognizable in a United States court but cannot presently bring it or cause it to be brought.

DMAX's contention that "Go-To is certainly free to seek a declaratory judgement . . . concerning its rights and obligations under the controlling contract," (Doc. 3 at 4) does not impact this determination. *See In re Bay Cty. Middlegrounds Landfill Site*, 171 F.3d at 1046 (citing *Penn Mut. Life Ins. Co.*, 68 F.3d at 1374 (holding that appellants were still acting in anticipation of litigation, even though they could still have obtained relief from the IRS); *see also Martin v. Reynolds Metals Corp.*, 297 F.2d 49, 55 (9th Cir. 1961) (finding that "[t]he position of one who expects to be made a defendant is different . . . " in regard to an inability to bring a cognizable action, and holding that "such a defendant should be, and is, entitled to use the Rule, upon a proper showing, to preserve important testimony that might otherwise be lost"). In short, Go-To's expectations of being sued are enough.

### B. Go-To's Need to Perpetuate Testimony

Rule 27(a)(B) and (C) require that petitioner both explain the subject matter of the expected action as well as describe the facts it intends to establish through the desired testimony and the reasons for needing to perpetuate that testimony. The Petition meets these requirements.

Go-To sufficiently explains the subject matter of the expected action. Such an action arises from the accident and the resulting damaged cargo and would be brought under 49 U.S.C. §

4

14706(a)(1).  (Doc. 1 at 5).  And Go-To credibly asserts that the desired testimony will aid in proving that it was "negligence-free and that DMAX's improper loading of the trailer is the cause of the cargo damage."  (*Id*. at 6).  Finally, Go-To competently describes Mr. Taylor's deteriorating medical condition, which is the key reason for needing to perpetuate his testimony.

### C.  Adverse Party and Notice

Briefly, the Court notes that Go-To's petition has identified both the adverse party in the expected action (DMAX) as well as the party to be deposed (Mr. Taylor) and served the petition in accordance with applicable rules.  (*See* Doc. 1 at 10–11).

### D.  Rule 27(a)(3)

To grant a Rule 27 petition, the Court must be "satisfied that perpetuating the testimony may prevent a failure or delay of justice."  Fed. R. Civ. P. 27(a)(3).  To do so, Go-To must demonstrate both that the testimony is probative as to a key issue, and that there is a risk of permanent loss of the desired testimony.  Additionally, the testimony to be perpetuated must "be set forth in some detail because a preservation deposition may not be used as a substitute for discovery."  *DRFP*, *LLC*, 2009 WL 42281261 at *1 (citing *In re Ramirez*, 241 F.R.D. at 595).

First, Go-To has sufficiently shown that the testimony of Mr. Taylor is "relevant, not simply cumulative, and likely to provide material distinctly useful to a finder of fact."  *In re Bay Cty. Middlegrounds Landfill Site*, 171 F.3d at 1047.  Go-To contends that, as the only driver involved in the accident, Mr. Taylor is uniquely positioned to establish that "it was an act of the shipper itself (i.e., DMAX) that caused the damage to the subject cargo."  (Doc. 1 at 6).  This could prove a key issue in the prospective suit, because a motor vehicle carrier can escape liability under Carmack for damaged cargo, when a shipper has not "properly prepared [the cargo] for shipment."  *Hoover Motor Exp. Co. v. U.S.*, F.2d 832, 835 (6th Cir. 1959).  And, importantly, DMAX does not

challenge the importance of Mr. Taylor's testimony.

Second, the Petition adequately establishes that there is a risk of permanent loss of Mr. Taylor's testimony. In July of 2020 Mr. Taylor was diagnosed with ALS. (Doc. 1 at 19). According to the declaration of Mr. Taylor's wife, Mr. Taylor's disease "will progress over time to the point that he will no longer be able to communicate without the assistance of specialized equipment." (*Id*.). Go-To contends that "the failure to preserve Mr. Taylor's testimony could result in the loss of evidence due to Mr. Taylor's rapidly-deteriorating medical condition." (*Id*. at 7).

The Court agrees. "A witness's age or health concerns are frequently accepted grounds for concluding that a perpetuation of testimony is necessary." *DRFP*, 2009 WL 4281261, at *1 (citing *Penn Mut. Life Ins. Co.*, 68 F.3d at 1374). Given the seriousness of Mr. Taylor's condition, and the rate at which his health is deteriorating, perpetuating his testimony is appropriate as there is a risk that any such testimony may be permanently lost.

Third, as Rule 27 is not a substitute for discovery, the parameters of Mr. Taylor's testimony must be set forth in some detail. The Petition meets this final requirement. Go-To is not seeking wide ranging discovery; it is simply seeking the deposition of one key witness. (*See generally* Doc. 1). Specifically, Go-To is seeking testimony on whether "Mr. Taylor was afforded the opportunity to inspect the load before departure…" (Doc. 1 at 6). The Court has no concerns that the Petition is being used as a "vehicle for discovery prior to filing a complaint." *In re Ramirez*, 241 F.R.D. at 595 (denying a Rule 27 petition where "petitioner [did] not delineate any limits to the requested depositions . . . ").

## IV.   CONCLUSION

For the foregoing reasons, Go-To's Verified Rule 27 Petition (Doc. 1) is **GRANTED**. The

parties are **DIRECTED** to meet and confer and schedule Mr. Taylor's deposition within forty-five

(45) days of the date of this Opinion and Order.

        **IT IS SO ORDERED**.

Date:   December 9, 2020                /s/ Kimberly A. Jolson
                                          KIMBERLY A. JOLSON
                                          UNITED STATES MAGISTRATE JUDGE